IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT L. IRELAND | * | |
| v. | * | CIVIL ACTION NO. WDQ-05-1387 |
| WARDEN JAMES PEGUESE | * | |
| SGT. SHAVELLA WATKINS | | |
| COMMISSIONER FRANK SIZER | * | |
| ARC COORDINATOR | | |
| PROPERTY OFFICER WALKER | * | |
| | *** | |

## MEMORANDUM

I. Procedural History

Robert L. Ireland is a Division of Correction inmate currently housed at the Maryland Correctional Adjustment Center ("MCAC").[1]  In May of 2005, he filed this 42 U.S.C. § 1983 Complaint seeking damages against Defendants Peguese, Watkins, and Sizer[2] for alleged Fourteenth Amendment access-to-courts deprivations and Eighth Amendment excessive force incidents occurring while confined at the Jessup Correctional Institution, formerly known as the Maryland House of Correction Annex ("MHC-A").[3]  Paper No. 1.

---

[1]   Plaintiff has been housed at MCAC since November 8, 2005.

[2]   Plaintiff names the "ARC Coordinator" as a Defendant.  He does not name this individual.  Sgt. Watkins was at all relevant times the Administrative Remedy Coordinator for the Maryland House of Correction Annex.

[3]   Plaintiff alleged that he was denied his right to access the courts by both former MHC-A Warden Peguese and former Commissioner Sizer "when trying to access requests for Administrative Remedy Procedure [ARP] requests...." Paper No. 1.  He claimed that his ARPs to the Warden and his timely appeals to the Commissioner were thrown away without provocation.  *Id*.  Plaintiff further complained that while a MHC-A segregation inmate he was denied access to the law library, legal materials, and LASI research materials.  *Id*.
  Plaintiff also alleged that four unnamed MHC-A officers assaulted him on an unspecified date and he was kept on isolation for approximately 3 days without medical treatment for injuries to his head, wrists, and neck.  *Id*.  He additionally claimed that he was subject to mental abuses and food deprivation.  *Id*.

On October 6, 2005, Plaintiff filed an Amended Complaint alleging that: (1) since the filing of his Complaint, he had been assaulted, harassed, and threatened by two officers on unspecified dates; (2) Defendants Peguese and Sizer have refused to process his remedies; and (3) Peguese has subjected him to unconstitutional conditions of confinement and allowed personnel to destroy his property and impede his mail. Paper No. 14.

On November 3, 2005, Defendants' Motion for a More Definite Statement was granted and Plaintiff was directed to provide a more definite statement regarding his original and amended complaint allegations. Paper No. 16. In response, Plaintiff submitted two brief pleadings and approximately 23 exhibits. Paper Nos. 19 & 20. The exhibits[4] related to a panoply of claims, but primarily focused on Plaintiff's general allegations that: (1) he was assaulted by four MHC-A officers and denied medical care and meals; (2) his administrative remedies were not properly processed; (3) he was being denied access to legal materials and the library; (4) MHC-A Officer Walker retaliated against him for the filing of grievances by destroying and withholding personal property for thirty days; (5) Defendants illegally raised his security level and transferred him to MCAC; and (6) Defendants denied him his personal, religious, and legal property for over thirty days. The docket was amended to add Officer Walker, the MHC-A property officer, as a defendant and Defendants were directed to answer these allegations.[5] Paper No. 22.

On May 17, 2006, Defendants Peguese, Sizer, Watkins, and Walker filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 31. Plaintiff subsequently

---

[4] The exhibits are mostly comprised of administrative remedies and letters filed at the institutional and headquarters' levels.

[5] The Court allowed the action to proceed, concluding that Plaintiff was not able to present his claims in any clearer a manner and that the factual assertions were sufficiently articulated for the named Defendants to craft an answer.

submitted a Motion in Opposition or for Summary Judgment and two "Motions to Provide Statement and Exhibits," Paper Nos. 33, 38 & 43, which have been construed respectively as a summary judgment motion and oppositions. In addition, he recently filed a supplemental opposition. Paper No. 47. The case is now ready for the undersigned's consideration.[6] No oral hearing is required. *See* Local Rule 105.6. (D. Md. 2004).

## II. Standard of Review

### Motion to Dismiss

A court reviewing a complaint in light of a Fed. R. Civ. P. 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences in a light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Said motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that:

---

[6] The matter was stayed for a brief period pending consideration of Plaintiff's claim that he had been separated from his legal materials while confined at MCAC. *See* Paper Nos. 36 & 37. After receiving a response from Defendants, the Court denied injunctive relief and lifted the stay. *See* Paper Nos. 39 & 40. Plaintiff has since filed a number of documents related to Defendants' response. *See* Paper Nos. 41, 43-46. To the extent that Plaintiff seeks reconsideration of that ruling, *see* Paper Nos. 44 & 46, his requests shall be denied.

> [Summary judgment] will be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

If, on the pleadings, there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmoving party, a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). If the nonmoving party fails to make a sufficient showing on an element on which he has the ultimate burden of proof, summary judgment is appropriate because there is no genuine issue of material fact due to the complete failure of proof on an essential element of the nonmovant's case.[7] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

III. Analysis

Defendants submit evidence showing that Plaintiff indeed filed at least 8 administrative remedy complaints at MHC-A during the first seven to ten months of 2005. They argue, however, that Plaintiff failed to fully administratively exhaust his remedies to the Inmate Grievance Office ("IGO") with regard to all but two claims which relate to an alleged January, 2005 guard assault and the failure to properly review his ARP complaints. Paper No. 31, Exs. 1-3. Plaintiff does not provide any verifiable materials, i.e. an affidavit or grievance record, to refute this claim. Consequently, Defendants' Motion to Dismiss shall be granted as to Plaintiff's access-to-courts

---

[7] The nonmoving party may not rest upon matters pleaded in his complaint, but must, by factual affidavit or the like, respond to the motion to show that there is a genuine issue for trial. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(e).

(access to library and legal materials), retaliation,[8] property, and transfer claims.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006); *Chase v. Peay*, 286 F.Supp.2d 523, 528-30 (D. Md. 2003).  The remaining claims shall be examined *seriatim*.

Excessive Force

Plaintiff claims that he was assaulted and harassed by MHC-A Officers.  To establish liability under § 1983, Plaintiff must show that Defendants were personally involved in the alleged violation.  *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Even after being afforded the opportunity to file a number of amended pleadings and opposition responses, the Court finds that Plaintiff has failed to demonstrate the personal involvement of former Commissioner Sizer, former Warden Peguese, and ARP Coordinator Watkins in the alleged incident(s) of excessive force.

The Court observes that Plaintiff originally referenced an unspecified assault by correctional officers without providing material facts concerning the incident.  His subsequent pleadings discuss alleged MHC-A assaults occurring in January and June of 2005, but do not provide any particular

---

[8] In supplemental materials Plaintiff seemingly indicates that a retaliation claim raised against Defendant Walker regarding the denial of a May 12, 2005 dinner meal has now been fully exhausted before the IGO.  Paper No. 38.  The Court finds, however, that even if such a claim is exhausted, it does not state a claim of constitutional dimension.  The alleged denial of an occasional prison meal is not actionable under § 1983.  *See Morrison v. Martin,* 755 F.Supp. 683, 686 (E.D. N.C. 1990); *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir. 1983).

verified allegations regarding the incidents. Plaintiff's allegations of excessive force shall therefore be dismissed without prejudice.[9]

Administrative Remedy Process

Plaintiff claims that Defendants Peguese, Sizer, and presumably Administrative Remedy Coordinator Watkins failed to properly process his administrative remedies. Defendants correctly observe that there is no free-standing right granted to state prisoners to file grievances in prison. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1995). In any event, to the extent that Plaintiff is raising this claim in the context of a Fourteenth Amendment access-to-courts allegation, the Court finds his claim to be without merit.

Plaintiff first claims that his administrative remedies were thrown away, but does not discuss the subject matter of those remedies and who personally destroyed them. He later states that his remedies were accepted for filing at MHC-A after he repeated the remedy process, but that Watkins and Peguese either failed to respond to his grievances in a timely manner or improperly denied them. Plaintiff further alleges that former Commissioner Sizer ignored his requests for remedy appeals or untimely responses. Plaintiff's own exhibits establish that he was able to file numerous grievances at the MCH-A and headquarters levels. The remedies were dismissed or found to be with merit.[10] His disagreement with the remedy decisions is not actionable. While it appears that a number of

---

[9] As already indicated, the docket was amended to include Property Officer Walker as a Defendant with regard to the alleged failure to provide Plaintiff his property. Various attachments provided by Plaintiff and Defendants seemingly indicate that Officer Walker was one of four officers accused of assaulting Plaintiff on January 8, 2005. To the extent that Plaintiff wishes to raise an allegation of excessive force against Walker, the claim shall be dismissed without prejudice.

[10] The record in fact shows that a number of Plaintiff's remedies were remanded from the headquarters to the institution level due to questions concerning the initial institutional review process.

these grievances were not exhausted to the IGO, at no point does Plaintiff allege that Defendants somehow impeded his ability to file remedies to the IGO on appeal.

IV. Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss shall be granted.[11] Plaintiff's claim of excessive force regarding alleged January and June, 2005 guard assaults is dismissed without prejudice.[12]  A separate Order follows.

Date: December 18, 2006              /s/
                                     William D. Quarles Jr.
                                     United States District Judge

---

[11]     Both Defendants and Plaintiff's Motions for Summary Judgment shall be denied.  The claim against Defendant "ARC Coordinator" shall be dismissed.

[12]     Insofar as Plaintiff wishes to challenge his continued confinement at MCAC, he is free to file the appropriate § 1983 Complaint.